UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DENNIS JUNG,

    Plaintiffs,

vs.

EXCELL MARKETING, LC
STEVEN MILKOWSKI, and
THERESE WEISS.

    Defendants.

DOCKET NO.: 19 Civ 8743 (SRC-CLW)

CIVIL ACTION

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, The Law Offices of Joseph Monaco, P.C., by way of Complaint against the Defendants, states as follows:

## FIRST COUNT

1. Defendant Excell Marketing, LC (hereinafter "Excell") is a limited liability company organized under the laws of the State of Iowa.

2. Upon information and belief, and at all times relevant herein, the members of defendant Excell were residents of the State of Iowa.

3. Upon information and belief, and at all times relevant herein, the members of defendant Excell were not residents of the State of Connecticut.

4. That on or about March 23, 2017, defendant Steven Milkowski, residing in Bloomingdale, New Jersey, was operating a motor vehicle (hereinafter the "Milkowski Vehicle").

5. That on or about March 23, 2017, defendant Therese Weiss, residing in West Milford, New Jersey, was operating a motor vehicle (hereinafter the "Weiss Vehicle").

6. At the time of the filing of this lawsuit, plaintiff Dennis Jung was a resident of the State of Connecticut.

7. Jurisdiction of this action is based on 28 U.S.C. § 1332.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the complaint occurred in the District of New Jersey.

9. The injuries and damages claimed herein are in excess of the minimum monetary amount necessary for this Court to exercise subject matter jurisdiction.

10. That on or about March 23, 2017, plaintiff was a seat-belted driver of his vehicle (hereinafter the "Jung Vehicle").

11. At all times relevant herein, Defendant Excell was the owner of the Milkowski Vehicle.

12. At all times relevant herein, Defendant Weiss was the owner of the Weiss Vehicle.

13. That at all times relevant herein, defendant Milkowski was operating the Milkowski Vehicle with the knowledge and/or consent of the owner(s) of the vehicle.

14. That at all times relevant herein, defendant Weiss was operating the Weiss Vehicle with the knowledge and/or consent of the owner(s) of the vehicle.

15. That at the aforementioned date, the plaintiff was operating the Jung Vehicle on I-287 Southbound in the vicinity of mile post 43.5, Parsippany-Troy Hills, New Jersey (hereinafter the "location").

16. At the time and place of the accident, the plaintiff was in the right travel lane stopped in traffic.

17. That at the aforementioned time, defendant Milkowski was operating the Milkowski Vehicle in the area of the location.

18. That at the aforementioned time, defendant Weiss was operating the Weiss Vehicle in the area of the location.

19. At the time and location of the accident, the Jung Vehicle was stopped in the right travel lane due to traffic.

20. At the time and location of the accident, defendant Milkowski colliding with the rear of the Jung Vehicle with significant force.

21. At the time and location of the accident, defendant Weiss colliding with the rear of the Milkowski Vehicle and forced the Milkowski Vehicle into the Jung Vehicle a second time with substantial force.

22. At all times relevant herein, defendant Milkowski failed to operate the Milkowski vehicle with due care.

23. At all times relevant herein, defendant Milkowski failed to operate the Milkowski vehicle in a reasonably safe manner.

24. At all times relevant herein, defendant Milkowski failed to operate the Milkowski vehicle in violation of New Jersey Law.

25. At all times relevant herein, defendant Milkowski operated the Milkowski vehicle in a negligent, reckless and/or careless manner.

26. That said accident was caused by the negligence, recklessness and/or carelessness of defendant Milkowski, without any negligence on the part of the plaintiff.

27. At all times relevant herein, defendant Milkowski failed to operate the Milkowski vehicle with due care.

28. At all times relevant herein, defendant Weiss failed to operate the Weiss vehicle in a reasonably safe manner.

29. At all times relevant herein, defendant Weiss failed to operate the Weiss vehicle in violation of New Jersey Law.

30. At all times relevant herein, defendant Weiss operated the Weiss vehicle in a negligent, reckless and/or careless manner.

31. That said accident was caused by the negligence, recklessness and/or carelessness of defendant Weiss, without any negligence on the part of the plaintiff.

32. That as a result of the aforementioned negligence and carelessness of the defendants, plaintiff was severely and permanently injured, and did thereby suffer a permanent loss of use of a body organ, function or system; permanent consequential limitation of use of a body organ; significant limitation of use of a body function or system; suffered a permanent injury that has had a serious impact on his life, endured pain and suffering and loss of enjoyment of life, and will similarly endure in the future pain and suffering and loss of enjoyment of life, was forced to pay sums of money for medical and hospital expenses, and will do so in the future, and did further sustain losses and damages as a direct and proximate result of the conduct of the defendant that were not otherwise reimbursed.

**WHEREFORE**, the Plaintiff demands judgment against the defendants in a monetary sum far exceeding the jurisdictional limitations of this court (including but not limited to the minimum monetary prerequisite for diversity jurisdiction) as follows:

(a) on the first claim for relief, compensatory damages, together with interest, costs and disbursements as provided by law;

Plaintiff demands a trial by jury on all counts.

Dated:  New York, New York
        April 11, 2019

                                 THE LAW OFFICES OF JOSEPH MONACO, PC

                               By:     *s/Joseph D. Monaco, III*
                                     JOSEPH D. MONACO (JDM-7862)
                                     Attorneys for Plaintiff
                                     7 Penn Plaza
                                     New Jersey, New Jersey 10001
                                     (212) 486-4244
                                     jmonaco@monaco-law.com